**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In Re:<br><br>    Joseph W. Suarez,<br><br>              Debtor. | Case No. 17-50809<br><br>Judge John E. Hoffman, Jr.<br><br>Chapter 13 |

### MOTION FOR RELIEF FROM STAY OF NORTH ORANGE HOMEOWNERS' ASSOCIATION FOR PROPERTY LOCATED AT 7840 OVERLAND TRAIL, DELAWARE, OHIO 43015

North Orange Homeowners' Association, Inc. (the "Association"), hereby moves, pursuant to §362(d) of the United States Bankruptcy Code, for relief from the automatic stay to permit the Association to exercise any and all of its contractual and statutory rights against Joseph W. Suarez (the "Debtor"), including, but not limited to, the recording of a lien and filing of a foreclosure against the Debtor's property located at 7840 Overland Trail, Delaware, Ohio 43015 (the "Property"). The Association states the Debtor willfully violated the governing documents restricting the Property, forced the Association to endure extensive and financially burdensome litigation, which litigation the Association successfully prosecuted against him and defended on appeal, has refused to pay a post-petition award of attorney's fees that has been assessed against him, has attempted to use the pending action as leverage in settlement negotiations, and that, it is therefore, entitled to relief pursuant to §362(d)(1).

1

FACTS

1. Debtor owns the Property, which Property is located within the North Orange Subdivision (the "Subdivision"). A true and accurate copy of the deed is attached hereto as Exhibit A.

2. The Association is the owners association for the Subdivision.

3. As an owner of property located within the Subdivision, Debtor is subject to the covenants, conditions, and restrictions set forth in the Declaration of Covenants, Easements, Restrictions and Assessment Liens for North Orange Residential Subdivision, as amended ("Deed Restrictions"). A true and accurate copy of the Deed Restrictions is attached hereto as Exhibit B.

4. Article II, Section 1 of the Deed Restrictions provides that no owner may construct any exterior improvements on a lot in the Subdivision without submitting a request to the Association and receiving its approval prior to construction.

5. Understanding this restriction, Debtor submitted plans to the Association's Board of Directors ("Board") on April 19, 2017 seeking permission to install a 1' tall retaining wall around specific flower beds on the Property using a certain type and color of paver stone (the "Initial Request").

6. The Board approved the Initial Request on April 20, 2017 and, thus, authorized Debtor to build the specified 1' retaining walls.

7. Debtor substantially deviated from the approved plans by (1) building retaining walls much taller than 1' and that extended to many areas beyond those detailed in the Initial Request, (2) using paver stones of a different color than approved, (3)

2

installing at least five exterior electrical outlets and other exterior electrical wiring, and (4) installing outdoor lighting on walls and spot lights focused on the house, trees, and mailbox (the "Unapproved Exterior Modifications"). A true and accurate photograph of the Property taken in late 2019 showing a portion of the Unapproved Exterior Modifications is attached hereto as Exhibit C.

8. The Association sent various communications to Debtor in an effort to stop his then on-going construction of the Unapproved Exterior Modifications, but Debtor refused to halt his work.

9. The Association's counsel sent Debtor a letter on April 27, 2018, advising Debtor that he was in violation of the Deed Restrictions and demanding removal of the Unapproved Exterior Modifications.

10. Debtor sent an email response to the Association's counsel on May 1, 2018, advising that he had already expended over $8,000.00 in constructing the Unauthorized Exterior Modifications, that he had already spent $150,000.00 improving the interior of the Property, had plans on spending an additional $20,000 to $30,000.00 on exterior improvements to the Property, and advising that if litigation was filed that he "would drag it out as long as I can in the court system to drain our HOA with attorney fees!" A true and accurate copy of Debtor's May 1, 2018 email is attached as Exhibit D.

11. The Association responded to Debtor via email on May 1, 2020 again advising Debtor that he needed to cease work on the Unauthorized Exterior Modifications. Debtor replied via email that the Board has "no power," used profanity, advised

that if anyone attempts to come on to his property to discuss the matter he "will punch them straight in the face," and that the Board will "need to take me to court" if it wanted him to stop building the Unauthorized Exterior Modifications. A true and accurate copy of the May 1, 2020 email exchange is attached hereto as Exhibit E.

12. The Board, therefore, was forced to proceed with a lawsuit to enforce the Deed Restrictions by filing a complaint against Debtor in the Delaware County Court of Common Pleas (the "Complaint") on June 26, 2018, which complaint gave rise to Case No. 18 CV H 06 0329 (the "Litigation").

13. The Complaint sought a preliminary injunction ordering Debtor to cease on-going construction of any additional exterior improvements, to remove the Unapproved Exterior Improvements from the Property, to enjoin Debtor from carrying on any additional improvements without Board approval, and sought a monetary judgment against Debtor to recoup the amounts expended by the Association to address his violations of the Deed Restrictions, including court costs and attorney fees.

14. After being served with the Complaint, Debtor emailed the Association's counsel and said, "I have 25 yards of dirt coming this weekend so the project will be done for court!" As he indicated, Debtor then continued constructing the Unapproved Exterior Modifications. A true and accurate copy of the Debtor's June 26, 2018 email is attached as Exhibit F.

15. On July 3, 2018, Debtor again emailed the Association's counsel and advised that he had improved the Property in recent years by expending $7,000.00 on exterior

4

painting, $2,000.00 for tree removal, $15,000.00 for certain landscaping materials and the installation of a wiring and lighting system, $5,000.00 for the installation of an irrigation system, and an interior remodel at the cost of $150,000. A true and accurate copy of the July 3, 2018 email is attached as Exhibit G.

16. After the filing of the Complaint, Debtor informed the Association's counsel of his pending bankruptcy.

17. On July 24, 2020, Debtor's bankruptcy counsel confirmed the Association's position that the Litigation was a post-petition matter not subject to the automatic stay and authorized direct communication with Debtor.

18. On February 11, 2019, the Delaware County Court of Common Pleas (the "Trial Court" entered a judgment entry granting the Association judgment on all counts of the Complaint, requiring Debtor to remove the Unapproved Exterior Modifications, to cease any additional unapproved modifications unless approved by the Board, and advising the Association to file an additional motion to substantiate its attorney fees (the "Trial Court Judgment"). A true and accurate copy of the Trial Court Judgment is attached hereto as Exhibit H.

19. For a large portion of the Litigation, Debtor proceeded pro se and actively contested the Association. After the Trial Court Judgment, Debtor engaged an attorney and, through counsel, filed a motion to vacate the Trial Court Judgment, a memorandum contra to the Association request for additional attorney fees, and a notice of appeal, which gave rise to Case No. 2019 CAE 02 0015 in the Court of Appeals, Delaware County, Ohio, Fifth Appellate District (the "Appeal").

20. Initially, the Appeal was remanded to the Trial Court for decision on all post-judgment filings, and on April 18, 2019, the Trial Court denied Debtor's motion to vacate, and, by separate entry, granted the Association's motion for additional attorney fees.

21. On October 23, 2019, the appellate court rendered its decision affirming the Trial Court Judgment on all counts (the "Appellate Decision"). A true and accurate copy of the Appellate Decision is attached hereto as Exhibit I.

22. On April 15, 2020, the Association filed a motion for additional attorney fees incurred as a result of post-judgment litigation and defense of the Appeal. Debtor opposed the motion.

23. On June 23, 2020, the Trial Court issued an entry granting the Association additional fees incurred for a total award of $23,445.00 (the "Damages"). A true and accurate copy of the June 23, 2020 entry is attached hereto as Exhibit J.

24. The Association and Debtor engaged in extensive settlement negotiations after the Appellate Decision, but were unable to reach an amicable agreement regarding the payment of Damages and removal of the Unapproved Exterior Modifications.

25. Pursuant to Article V, Section 2 of the Deed Restrictions and R.C. 5312.11, the Association is authorized to levy the Damages against Debtor as a special assessment and, additionally, to place a lien on the Property to secure the amounts owed.

26. On June 25, 2020, the Association provided Debtor with notice of its intent to levy the Damages against him and the Property as a special assessment (the "Notice of

Assessment"). A true and accurate copy of the Notice of Assessment is attached hereto as Exhibit K.

27. On August 20, 2020, the Association provided Debtor with a demand to pay the outstanding Damages, in the amount of $23,297.00, on or before August 31, 2020 (the "Demand Letter"). A true and accurate copy of the Demand Letter is attached as Exhibit L.

28. Debtor refused to pay the amounts owed.

29. On multiple occasions, Debtor has advised the Association that he has the funds readily available to pay the Damages immediately, but has refused to submit payment unless the Board agrees to his post-judgment settlement terms. True and accurate emails from Mr. Suarez demonstrating his ability to pay the Damages immediately are attached hereto as Exhibits M and N.

30. On multiple occasions, Debtor has used this pending action as an attempt to leverage the Association to agree to his post-judgment settlement terms. Id.

31. Debtor continues to seek approval for new large scale exterior modification projects while withholding payment of the Damages, including, (1) the installation of additional wall caps, (2) the installation of a new patio, fire pit, and outdoor grilling area, and (3) a landscaping plan consisting of, among many other items, a pond and ninety (90) boxwoods. True and accurate copies of Debtor's application for the wall caps, patio, and landscaping are attached as Exhibits O, P and Q.

32. Even after the Trial Court Judgment and Appellate Decision upholding the Association's actions concerning the Unapproved Exterior Modification, Debtor

7

continues to publicly disparage the Board, flaunt his refusal to pay the Damages, and claim the Board acted in a discriminatory fashion against him. A true and accurate photograph of derogatory signage posted by Debtor to the Property is attached hereto as Exhibit R, and a true and accurate social media post by Debtor regarding the Litigation is attached hereto as Exhibit S.

33. As of August 20, 2020, the Debtor has failed to pay amounts owed in the amount of $23,297.00, plus current legal costs, which costs are recoverable under the Deed Restrictions and R.C. 5312, in the amount of $1,125.00 for the preparation and filing of this Motion, not including filing costs or additional amounts that may be incurred, for a current total post-petition arrearage of $24,422.00. A true and accurate copy of the Association's post-petition ledger is attached hereto as Exhibit T.

34. Due to the pendency of this bankruptcy proceeding and the automatic provisions of 11 U.S.C. § 362(a), the Association is prevented from exercising its collection rights against the Debtor and the Property as set forth in the Declaration, under applicable state laws for non-payment of fees pursuant to Ohio Revised Code § 5312 *et seq.,* and pursuant to the Trial Court's June 23, 2020 award of Damages against the Debtor and in favor of the Association. By the Motion brought herein, the Association seeks a termination of the automatic stay pursuant to 11 USC §362(d)(1).

## GROUNDS FOR RELIEF FROM THE AUTOMATIC STAY

The Court should not allow the Debtor to mangle and misuse the protection afforded by the automatic stay. Debtor is living a lavish lifestyle while he uses the protection of the automatic stay to avoid payment of post-petition damages the Association was awarded in the Litigation to quell his refusal to abide by the Subdivisions Deed Restrictions. The Association, therefore, seeks relief for cause pursuant to §362(d)(1) in order to enforce its rights against Debtor and the Property.

The circumstances surrounding the Litigation, Debtor's post-petition and post-judgment behavior, and the unique harm caused to the Association provide adequate cause for the Court to grant relief from the automatic stay. The Bankruptcy Code does not provide a precise definition as to what circumstances warrant sufficient "cause" to grant relief from stay; instead, it "provides wide latitude to fashion relief […] for deserving creditors who would be uniquely harmed by the stay's limitations." *In Re Chari,* 262 B.R. 734, 736 (Bankr. S.D. OH 2001). The latitude granted to the Court requires it to "determine whether cause exists on a case-by-case basis" by "balancing the harms to determine whether the potential hardship to the creditor […] outweighs the potential prejudice to the debtor" *Id.* at 737.

In the instant matter, the scales clearly tilt in the Association's favor. Debtor knowingly violated the Subdivisions Deed Restrictions by proceeding with the Unauthorized Exterior Modifications (Ex. H, p. 5.); refused to cease work on Unauthorized Exterior Modifications after being advised of his violation (Id.); advised that the Association would need to "take me to court" if it wanted him to stop building the Unauthorized Exterior Modifications (Ex. E.); and advised of his intent to "drag [the Litigation] out as long as I can in the court system to drain our HOA with attorney fees." (Ex. D.) Further, after losing at the trial court and appellate levels, Debtor continues to taunt the Association and *refuses* to pay the Damages awarded by the Court. Here it is Debtor's

intentional action that makes this situation unique. While many individuals may not be in a position to pay the amounts currently outstanding, this is not the case for the Debtor. Debtor has on multiple occasions affirmed his ability to immediately pay the Damages in full and seemingly with no negative consequences to his pending bankruptcy. (Exs. M & N.) Indeed, Debtor has actually represented his willingness to pay the Damages as soon as the Association, among other demands, approved his recent applications to perform additional extensive and costly improvements to the Property, including the installation of a patio, fire pit, pond, extensive landscaping, and other items. (Exs. N, O, P, & Q.) Put simply, money does not seem to be in short supply for the Debtor, and allowing the Association relief to force payment of post-petition amounts owed to it will seemingly cause him little hardship.

On the other hand, Debtor's actions have forced the Association to incur significant costs, and, despite the fact that it has been awarded the Damages, it is now prevented from securing its claims against the Property or seeking any formal collection action against the Debtor because of the stay. Meanwhile, Debtor is publicly placing signs on the Property claiming the Board has acted in a discriminatory fashion towards him and wasted the Association's money (Exs. R & S.), which money comes from assessments paid by all homeowners within the Subdivision. The Association relies on the funds collected from its owners to operate and maintain the Subdivision, and the Debtor's actions and refusal to pay the Damages has created an on-going financial difficulty for the Association and its ability to plan for future projects. The Court should not allow Debtor to use the protection of the Bankruptcy Code to shield him from the repercussions of his own post-petition misdeeds.

WHEREFORE, the Association respectfully requests that this Court enter an order finding cause under §362(d)(1) and affording it relief from the automatic stay allowing the Association to exercise any and all of its rights and remedies under state law against the Debtor and the Property.

        Respectfully submitted,

        /s/ Jesse M. Kanitz

        _____

| | |
|---|---|
| Robin L. Strohm | (0077665) |
| Nicholas R. Barnes | (0083615) |
| Brad J. Terman | (0083974) |
| Jesse M. Kanitz | (0085438) |

Williams & Strohm, LLC, Attorneys at Law
Two Miranova Place, Suite 380
Columbus, Ohio 43215-5668
Telephone:  (614) 228-0207
Facsimile:  (614) 228-6984
E-Mail:  R.Strohm@wslawllc.com
        N.Barnes@wslawllc.com
        B.Terman@wslawllc.com
        J.Kanitz@wslawllc.com
Attorneys for North Orange Homeowners' Association, Inc.

## **NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

North Orange Homeowners' Association, Inc. has filed papers with the court to lift the automatic stay in this case.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to lift the automatic stay, or if you want the court to consider your views on the Motion, then on or before twenty-one (21) days from the date of this Notice, you or your attorney must:

File with the court a written request for a hearing at:

United States Bankruptcy Court
Southern District of Ohio
170 North High Street
Columbus, Ohio 43215-2414

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

Jesse M. Kanitz
Two Miranova Place, Suite 380
Columbus, Ohio 43215-7047

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date Submitted: September 4, 2020        Respectfully submitted,

/s/ Jesse M. Kanitz

Robin L. Strohm        (0077665)

12

        Nicholas R. Barnes (0083615)
        Brad J. Terman  (0083974)
        Jesse M. Kanitz  (0085438)
        Williams & Strohm, LLC, Attorneys at Law
        Two Miranova Place, Suite 380
        Columbus, Ohio 43215-5668
        Telephone: (614) 228-0207
        Facsimile: (614) 228-6984
        E-Mail:  R.Strohm@wslawllc.com
             N.Barnes@wslawllc.com
             B.Terman@wslawllc.com
             J.Kanitz@wslawllc.com
        Attorneys for North Orange Homeowners'
        Association, Inc.

**CERTIFICATE OF SERVICE AND
NOTICE OF RIGHT TO RESPOND WITHIN 21 DAYS**

The undersigned certifies that a copy of the foregoing Motion For Relief From Stay of Proceedings was served either electronically or by Ordinary Mail this date on the parties whose names and addresses are listed below as and for NOTICE that the attached request for relief would be filed. The undersigned will present to the Court a proposed order granting the relief sought unless, within twenty-one (21) days after this date, a written memorandum in opposition along with a request for a hearing is filed with the Court and served on the undersigned.

Date Submitted: September 4, 2020   Respectfully submitted,

/s/ Jesse M. Kanitz

Robin L. Strohm        (0077665)
Nicholas R. Barnes    (0083615)
Brad J. Terman         (0083974)
Jesse M. Kanitz         (0085438)
Williams & Strohm, LLC, Attorneys at Law
Two Miranova Place, Suite 380
Columbus, Ohio 43215-5668
Telephone:    (614) 228-0207
Facsimile:     (614) 228-6984
E-Mail:         J.Kanitz@wslawllc.com
Attorneys for Creditor North Orange Homeowners' Association, Inc.

Name and address of parties served:

   Joseph W. Suarez (Ordinary)
   7840 Overland Trail
   Delaware, Ohio 43015


   Faye D. English, Trustee (Electronically)
   Brian D. Wood   (Electronically)
   U.S. Trustee (Electronically)