**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 17-50809 |
| Joseph W. Suarez | : | Chapter 13 |
| Debtor(s) | : | Judge Hoffman |

### DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY

Debtor, by and through counsel, hereby responds to North Orange Homeowners Association's ("North Orange HOA") Motion for Relief from Stay. Debtor respectfully requests that North Orange HOA not be granted relief from stay for reasons more fully set forth in the Memorandum below.

Respectfully submitted,

/s/Brian D. Wood_____
Brian D. Wood (0075190)
Wood & Brewer LLC
470 Olde Worthington Rd, Ste 200
Westerville, OH 43082
Counsel for Debtor(s)
(614) 410-6877 phone
(888) 560-1002 fax
bwood@woodbrewerlaw.com

## **MEMORANDUM IN SUPPORT**

On May 15, 2017, Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code. Pursuant to the Debtor's Chapter 13 plan, North Orange HOA's assessments were to be paid directly by the Debtor. Debtor is current on his payments to the North Coast, HOA

Debtor owns real estate at 7840 Overland Trail, Delaware, OH 43015. Debtor acknowledges that he has applied to the North Orange HOA for approval on various improvements he has made to his property. Debtor concedes that a dispute arose beginning in April of 2018 regarding whether the improvements made to the property were in violation of what North Orange HOA had previously approved. Following extensive litigation, the Delaware County Court of Common Pleas entered a judgment in favor of North Orange HOA in the amount of $23,445.00 in June of 2020. North Orange HOA has filed the instant to Motion for Relief from Stay pursuant to 11 U.S.C. § 362(a)(1) in order to proceed with execution on their judgment.

North Orange HOA should not be granted relief from stay because North Coast HOA is adequately protected by the equity in the residential real estate and the property is necessary for an effective reorganization. North Coast HOA's own Motion for Relief indicates that the estimated value of the real estate is $685,000.00. The mortgages on the property only total approximately $377,000.00. As such, North Orange HOA is adequately protected by the substantial equity in the property. Further, when balancing

the relative risks to the Debtor and North Orange HOA, it becomes clear that the potential harm to the Debtor outweighs any risk to North Orange HOA.

North Orange HOA seeks to terminate the stay, place a lien on the Debtor's real estate, and foreclose on the property.  If the automatic stay is terminated, Debtor would be at risk of losing his home.  This would certainly impact his ability to make his chapter 13 plan payments.  Debtor has faithfully made his payments for the duration of the plan and his paid in excess of $22,000.00 into his plan.   North Orange HOA can simply wait until the Debtor completes his plan to execute on their judgment.

WHEREFORE, Debtors respectfully request that North Orange HOA not be granted relief from stay.

Respectfully submitted,

/s/Brian D. Wood
Brian D. Wood (0075190)
Wood & Brewer LLC
470 Olde Worthington Rd, Ste 200
Westerville, OH 43082
Counsel for Debtor(s)
(614) 410-6877 phone
(888) 560-1002 fax
bwood@woodbrewerlaw.com

**Certificate of Service**

I hereby certify that a copy of the foregoing Response was served (i) **electronically** on the date of filing through the Court's ECF system on all ECF participants registered in this case at the email address registered with the court and (ii) by **ordinary U.S. Mail** on September 24, 2020 addressed to:

**Jesse M. Kanitz, Esq.**
**Williams & Strohm, LLC**
**Two Miranova Plaza, Ste 380**
**Columbus, OH 43215**

**Joey Suarez**
**7840 Overland Trail**
**Delaware, OH 43015**

/s/Brian D. Wood
Brian D. Wood (0075190)
Wood & Brewer, LLC
470 Olde Worthington Rod, Ste 200
Westerville, OH 43082
Phone: (614) 410-6877
Fax: 888-560-1002
Attorney for Debtor