## IN THE DELAWARE COUNTY COURT OF COMMON PLEAS

Walker Wood Association,

    Plaintiff,

vs.

Grace Garrison, et al.,

    Defendants.

Case No. 20 CV E 06 0142

Judge David M. Gormley

## **AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT**

STATE OF OHIO      )
COUNTY OF FRANKLIN  )    ss:

The undersigned, Phillip Kinnison (the "Affiant"), being first duly cautioned and sworn hereby deposes and says as follows:

1. That Affiant is the Property Manager for Walker Wood Association, Inc. (the "Association"). That as the Property Manager for the Association, Affiant is familiar with the record keeping practices of the Association and has custody of all financial records thereof.

2. That Defendant Grace Garrison currently owes the Association $4,473.50 in unpaid association fees through October 14, 2020 (the "Arrearage"), and that the same is now due and payable according to the Deed Restrictions and governing documents of the Association.

3. That Affiant has verified the amount due by examining the payment ledger for Defendant Grace Garrison, and believes the same to be accurate and true in all respects. A true and accurate copy of the payment ledger is attached hereto as Exhibit A.

4. That the entries reflected on the payment ledger were made at or near the time a transaction occurred; that such entries were made or transmitted by an individual with knowledge of the transaction; that the payment record was kept in the ordinary course of business by the Association; and that it is the regular practice of the Association to make such records.

5. That the Arrearage includes attorney's fees and costs paid for by the Association in connection to this matter in the amount of $2,748.50, which costs are pursuant to a contact for services between the Association and Williams and Strohm, LLC, and are set forth in the itemization attached hereto as Exhibit B. The Affiant believes the legal steps taken in this matter were necessary and the costs reasonable.

6. A true and accurate copy of relevant portions of the Association's Declaration setting forth its right to collect these expenses is attached as Exhibit C.

7. That this Affidavit is offered to this Court to allow the Court to grant judgment against Defendant Grace Garrison pursuant to Court rule.

8. That Affiant is unable to determine whether or not the Defendant Grace Garrison is in military service. That Affiant does not have the Social Security numbers for said Defendant; however, Affiant has made a diligent search of all available records and finds nothing to indicate that said Defendant is in military service.

9. That affiant does not believe Grace Garrison is a minor or incompetent.

10. FURTHER AFFIANT SAYETH NAUGHT.

                                                          Phillip Kinnison

Sworn to and subscribed before me this_____ day of_____, 2020.

                                                          NOTARY PUBLIC

10/13/2020    Yardi Systems, Inc. - Yardi Voyager



EXHIBIT A



**LEDGER**    Date    10/13/2020

| | | | | |
|---|---|---|---|---|
| Grace Garrison | Owner | t1429920 | Property | 8262 |
| 8003 Eric Ct | Status | Current | | Walker Wood |
| Lewis Center OH 43035 | From | 02/27/2012 | Total Fees | 0.00 |
| | To | | Deposit | 0.00 |
| | Office | | Home | (614) 602-9030 |
| | Legal | | | |

From: All    Age As Of:    To: 10/13/2020    Correspondence

| Date | Description | Unit | Charges | Payments | Balance | Chg/Rec |
|---|---|---|---|---|---|---|
| 03/01/2013 | feeinc-Association Fee (03/2013) | ER8003 | 150.00 | | 150.00 | C-6843137 |
| 03/31/2013 | latehoa-Late Fee | ER8003 | 50.00 | | 200.00 | C-6972686 |
| 04/09/2013 | latehoa-waive 03/13 late fee | ER8003 | (50.00) | | 150.00 | C-6979400 |
| 04/15/2013 | Chk# 175 - :Load Payment Received | | | 150.00 | 0.00 | R-11981828 |
| 03/01/2014 | feeinc-Association Fee (03/2014) | ER8003 | 150.00 | | 150.00 | C-7971380 |
| 03/30/2014 | latehoa-Late Fee | ER8003 | 50.00 | | 200.00 | C-8104724 |
| 05/12/2014 | Chk# 210 - :Load Payment Received | | | 200.00 | 0.00 | R-13979292 |
| 03/01/2015 | feeinc-Association Fee (03/2015) | ER8003 | 175.00 | | 175.00 | C-9159272 |
| 03/30/2015 | latehoa-Late Fee | ER8003 | 50.00 | | 225.00 | C-9223809 |
| 03/01/2016 | feeinc-Association Fee (03/2016) | ER8003 | 175.00 | | 400.00 | C-10426783 |
| 03/31/2016 | latehoa-Late Fee | ER8003 | 50.00 | | 450.00 | C-10495519 |
| 03/01/2017 | feeinc-Association Fee (03/2017) | ER8003 | 200.00 | | 650.00 | C-11717828 |
| 03/30/2017 | latehoa-Late Fee | ER8003 | 50.00 | | 700.00 | C-11787808 |
| 05/11/2017 | legal-Legal Fees 4.28.17 File & Release Lien | ER8003 | 241.00 ^ | | 941.00 | C-11984293 |
| 03/01/2018 | feeinc-Association Fee (03/2018) | ER8003 | 200.00 | | 1,141.00 | C-13205600 |
| 03/30/2018 | latehoa-Late Fee | ER8003 | 50.00 ^ | | 1,191.00 | C-13304219 |
| 05/10/2018 | legal-Legal Fees Prepare Demand Letter | ER8003 | 60.00 | | 1,251.00 | C-13552742 |
| 03/01/2019 | feeinc-Association Fee (03/2019) | ER8003 | 200.00 | | 1,451.00 | C-14816663 |
| 03/30/2019 | latehoa-Late Fee | ER8003 | 50.00 | | 1,501.00 | C-14907748 |
| 06/05/2019 | violate-Violation Charge Not replacing mailbox | ER8003 | 100.00 | | 1,601.00 | C-15234807 |
| 07/26/2019 | violate-Violation Charge ping pong table on side of house | ER8003 | 100.00 | | 1,701.00 | C-15388560 |
| 08/02/2019 | legal-Legal Fees Demand letter to file foreclosure | ER8003 | 60.00 ^ | | 1,761.00 | C-15474330 |
| 10/31/2019 | legal-Legal Fees File Foreclosure Process | ER8003 | 535.50 ^ | | 2,296.50 | C-15739483 |
| 01/07/2020 | legal-Legal Fees Foreclosure Action 12.16.2019 | ER8003 | 640.00 ^ | | 2,936.50 | C-16110572 |
| 03/01/2020 | feeinc-Association Fee (03/2020) | ER8003 | 225.00 | | 3,161.50 | C-16328261 |
| 03/30/2020 | latehoa-Late Fee | ER8003 | 50.00 | | 3,211.50 | C-16437023 |
| 04/06/2020 | legal-Legal Fees File Foreclosure Complaint --court costs | ER8003 | 349.50 ^ | | 3,561.00 | C-16541662 |
| 07/09/2020 | legal-Legal Fees Update on Foreclosure | ER8003 | 50.00 | | 3,611.00 | C-16961697 |
| 10.13.20 | Prepare Continuance | | 112.50 | | | |
| 10.14.20 | Title update | | 25.00 | | | |
| 10.14.20 | Final Judicial Report ~ | | 125.00 | | | |
| 10.14.20 | Prepare Motion and Entry for Default Judgment | | 600.00 | | | |
| TOTAL DUE THROUGH 10.14.20 | | | | | $4,473.50 | |

EXHIBIT B

**WILLIAMS & STROHM, LLC**
Two Miranova Place, Suite 380
Columbus, Ohio 43215-7047
(614) 228-0207
(614) 228-6984 (Fax)
**LEGAL CHARGES**

October 14, 2020

**RE:**　Garrison, Grace - 8003 Eric Court
　　　Walker Wood HOA

| Date | Description | Amount |
|---|---|---|
| 5.11.17 | Prepare, record, file lien and future lien release | $241.00 |
| 5.10.18 | Prepare demand letter | 60.00 |
| 8.2.19 | Prepare pre-foreclosure demand letter | 60.00 |
| 10.31.19 | Foreclosure filing fee, title search, title commitment | 535.50 |
| 1.7.20 | Prepare foreclosure complaint | 640.00 |
| 4.6.20 | Additional foreclosure filing fees | 349.50 |
| 10.13.20 | Prepare Continuance | 112.50 |
| 10.14.20 | Title update | 25.00 |
| 10.14.20 | Final Judicial Report | 125.00 |
| 10.14.20 | Prepare Motion and Entry for Default Judgment | 600.00 |
| **TOTAL DUE THROUGH 10.14.20** | | **$2,748.50** |



EXHIBIT C

## DECLARATION OF COVENANTS, EASEMENTS,
## RESTRICTIONS AND ASSESSMENT LIENS
## FOR
## WALKER WOOD SECTION 7, PART 1

This is a declaration of covenants, easements, and restrictions made this ___23rd___ day of ___December___, 1999, by Planned Communities, Inc., an Ohio Corporation (hereinafter jointly referred to as "Declarant"). Planned Communities, Inc., is also the Developer of the Subdivision (and is hereinafter also referred to as Developer).

### Background

A.  Declarant is the owner in fee simple of certain real estate situated in the Township of Orange, County of Delaware, and State of Ohio and

> Being Lots Numbered 4301 through 4334 inclusive of Walker Wood Section 7, Part 1, as the same are numbered and delineated upon the recorded plat thereof, of record in Plat Cabinet 2, Slides 293, 293A, 293B and 293C, Recorder's Office, Delaware County, Ohio.

B.  Declarant intends during the course of development of the land owned by Declarant, which will be described as Walker Wood, to construct and develop certain common improvements, including landscaped areas, street islands, private streets, entrance walls, bicycle paths, sewers, and similar features for the benefit of Declarant as well as owners of all of the lots in Walker Wood, and such additional areas as may be added in accordance with Article V, Section 6 hereof.

C.  Declarant desires to create a plan of restrictions, easements and covenants concerning the lots in Walker Wood and to retain in Developer plan approval of the dwelling units to be constructed on said lots in Walker Wood and said easements and covenants shall also relate

Provisions contained in any deed or other instrument for the conveyance of a dwelling which restrict the sale, rental or use of the property because of race or color are invalid under federal law and are unenforceable.

-1-

BOOK 015 PAGE 0044

Section 35.   **Maintain Common Improvements**.  The responsibility for maintaining the Common Improvement including, but not limited to Lot 4161 in a well-maintained, attractive and aesthetically appealing condition shall be the responsibility of the Association. That responsibility shall include but not be limited to, caring for and maintaining the Common Improvements, including seeding, paving and mowing when needed, and maintaining and paying the cost for landscaping entrance walls and the electrical and lighting service constructed by Developer to service the Common Improvements, as well as maintaining sewers as required by the Developer or governmental authorities.

Section 36.   **Governmental Regulations Statement**.   Each building site is subject to all present and future applicable laws, ordinances, rules, regulations and orders of the United States Government, the State of Ohio, Delaware County, Orange Township, and any other political subdivision and any administrative agency of any of the foregoing.  Nothing herein shall be construed as permitting any action or condition prohibited by such applicable laws, ordinances, rules, regulations and orders.  In the event of any conflict between any such applicable laws, ordinances, rules, regulations and orders and these Protective Covenants, the most restrictive provisions shall govern and control.

## ARTICLE IV

## ASSESSMENTS

Section 1.   **Establishment of Assessment**.   For the purpose of providing funds for maintenance and improvement of the Common Improvements and parklands, and other expenses and costs incurred by the Association, the Association shall, on a date selected by the Developer and prior to January 1 of each calendar year thereafter, determine an estimated budget for the following calendar year, or in the case of the first year, if only a part of a calendar year, for the remainder of that calendar year, and establish an equal annual assessment as to each Lot. The total assessment collected for the Lots in the Subdivision must be an amount sufficient to meet the obligations of the Association under this Declaration. These assessments shall be payable in advance in such periodic

installments and on such due dates, as the Association from time to time determines, provided, that if any installments of any assessment is not paid within thirty (30) days after it has become due, the Association may, at its option, without notice or demand (I) declare the entire balance of the assessment immediately due and payable; (ii) assess interest on the unpaid balance at the highest rate of interest then permitted by law, or at such lower rate as the Association may from time to time determine, and (iii) assess reasonable, uniform, late fees.

Section 2. **Establishment of Lien.** If any Lot Owner shall fail to pay any installment within thirty (30) days after it is due, the Association shall be entitled to a valid lien for that installment or the unpaid portion of that year's assessment, if the Association so elects, together with interest, late fees and costs, which lien shall be effective from the date that the Association certifies the lien to the Delaware County Recorder. The right to file such lien is subordinate to any liens actually filed.

## ARTICLE V

## ENFORCEMENT AND MISCELLANEOUS

Section 1. **Enforcement.** Except as hereinafter provided, Developer, the governmental units in which the Subdivision is located, each Lot Owner, and the Association, jointly and severally, shall have the right to enforce, by proceedings at law or, in equity, all restrictions, conditions, covenants, reservations, and charges now or hereafter imposed by the provisions of this Declaration. Notwithstanding the foregoing, in the event of any dispute between Lot Owners or between the Association and any Lot Owner or Owners not including the Developer, as to any matter provided for herein, other than with regard to the obligation for, levy, collection or enforcement, of assessments (including, without limiting the generality of the foregoing, the creation, filing and enforcement of liens), the matter shall be submitted to a single independent arbitrator selected by the Association who shall decide the dispute in accordance with and pursuant to the arbitration laws of Ohio and the arbitrator's decision shall be final and enforceable as provided above.

-17-

Section 2.    **Special Assessment Lien**    Each Lot Owner shall comply, or cause compliance, with all covenants, requirements, and obligations contained herein, and with all rules and regulations promulgated by the Association. Upon the failure of a Lot Owner to comply with such covenants, requirements, and obligations, the Association or Developer, in addition to any other enforcement rights they may have hereunder, may take whatever action either deems appropriate to cause compliance, including, but without limitation, entering upon the Lot for repair, maintenance, reconstruction and removal of any Improvements thereon or any other action required to cause compliance with the covenants, requirements and obligations contained herein. All costs incurred by the Association or Developer in causing such compliance, together with the interest at such lawful rate as the Association or Developer may from time to time establish, shall be immediately due and payable from the Lot Owner to the Association or Developer, and the Association or Developer shall be entitled to a valid lien as security for the payment of such costs incurred, and interest, which lien shall be effective from the date that the Association or Developer certified the lien to the Delaware County Recorder.

Section 3.    **Joint and Several Obligations**.    Each and every obligation with respect to a Lot hereunder shall be the joint and several personal obligation of each Owner of a fee simple interest in the Lot at the time the obligation arose or thereafter until paid, and any demand or notice hereunder or pursuant hereto to one of such joint Owners shall be deemed given, taken or received by all such joint Owners.

Section 4.    **Severability and Waiver**:    Invalidation of any one of these covenants or restrictions by judgment or court order shall in no way effect any other provision which shall remain in full force and effect. Failure by a benefited party to enforce any covenant or restriction herein contained shall in no event be deemed a waiver of the right to do so thereafter.

Section 5.    **Amendment**.    The covenants and restrictions of this Declaration shall run with and bind the land for a term of twenty-five years from the date this Declaration is recorded, after which time they shall be automatically extended for successive periods of ten (10) years, unless

-18-